## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WENDI LEE MICHALK, Mother of minor child CAM,<br><br>          Plaintiff,<br><br>  v.<br><br>BOISE CITY OF, a municipal corporation, MARY ELIZABETH WATSON, Deputy city attorney, City of Boise, CARY B COLAIANNI, city attorney, City of Boise, JIM A BIRDSALL, Boise City Housing and Development mgr, JEFF STREET, Boise City Housing mgr, TAMI DODEL, Boise City Housing Property Mgr, DAVID H BIETER, Mayor, City of Boise, DAVID EBERLE, Council President, City of Boise, ELAINE CLEGG, Councilperson. City of Boise, VERN BISTERFELDT, Councilperson, City of Boise, MARYANNE JORDAN, Councilperson Pro Tem, City of Boise, ALAN SHEALY, Councilperson, City of Boise, and JIM TIBBS, Councilperson, City of Boise,<br><br>          Defendants. | Case No. CV-08-425-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiff's Petition to Proceed In Forma Pauperis (Docket No. 1) and Plaintiff's Motion for an Emergency Writ of Mandamus (Docket No. 5).  The Clerk of Court previously conditionally filed Plaintiff's Complaint, subject to review by the Court to determine whether Plaintiff is entitled to proceed in forma pauperis.  After conducting the review mandated by 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff may proceed in forma pauperis on her deprivation of civil rights under color of law and wrongful eviction claims, but that her other claims as specified below are either dismissed with prejudice or dismissed with leave to amend.

## BACKGROUND

Plaintiff alleges she is a tenant of housing sponsored by the Department of Housing and Urban Development ("HUD") in the city of Boise.  Plaintiff also alleges that she has made multiple complaints against the City of Boise on various housing and civil rights issues.  Plaintiff further alleges that "[w]ithin a matter of days" of making a complaint against Boise City housing management in state court, various city officials retaliated by attempting to evict her.  Plaintiff then brought this action against the City of Boise and various city officials (collectively "the Defendants") whom Plaintiff alleges "hold either direct management or direct

**Memorandum Decision and Order - 2**

supervisory responsibility to ensure that [HUD regulations] are adhered to at all times." Plaintiff has requested that she be allowed to proceed with these claims without prepayment of fees. Plaintiff has also requested the Court issue an injunction preventing the Defendants from any further attempts to evict Plaintiff.

## ANALYSIS

### I.  Motion to Proceed In Forma Pauperis

The Court may authorize the commencement of any civil suit without prepayment of fees or security by a person who submits an affidavit that includes a statement (1) of all assets he possesses, and (2) that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a)(1). The Court has reviewed Plaintiff's affidavit, and it appears that good cause exists to grant Plaintiff's request.

However, the Court is required to screen complaints brought by litigants who are granted leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See id.* If the complaint can be saved by amendment, the plaintiff should be

provided an opportunity to amend.  *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## II.  Plaintiff's Complaint

Plaintiff claims she was deprived of her civil rights under color of law, that she was wrongfully evicted, and that the Defendants violated various statutes and regulations.

To the extent Plaintiff is bringing claims based on violations of 24 C.F.R. §§ 401.200, 401.311, 901.1, and 901.200, those claims are dismissed with leave to amend because Plaintiff has not alleged any facts showing the Defendants are in violation of those regulations.  *See* Docket No. 2, p. 8-10, p. 13 ¶2-3.

Plaintiff's claim that the Defendants violated 24 C.F.R. § 100.400 and 18 U.S.C. § 1001 is dismissed.  *See* Docket No. 2, p. 13 ¶2.  Criminal statutes, such as 18 U.S.C. § 1001, are generally not a basis for civil liability.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Additionally, Plaintiff has not alleged any facts showing the Defendants have violated 24 C.F.R. § 100.400 because she has not alleged she was discriminated against based on race, color, religion, sex, handicap, familial status, or national origin.  Plaintiff's claim pursuant to 18 U.S.C. § 1001 is dismissed and cannot be saved by amendment; Plaintiff's claim pursuant to 24 C.F.R. § 100.400 is dismissed with leave to amend.

Plaintiff also claims the Defendants have violated her constitutional right to equal protection.  Docket No. 2, p. 13 ¶3.  "In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the City intentionally, and without rational basis, treated the plaintiff differently from others similarly situated."  *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).  Here, Plaintiff has failed to make any allegations that the Defendants have treated Plaintiff differently from others similarly situated.  This claim is dismissed with leave to amend.

Plaintiff's claim against Mary Elizabeth Watson based on 18 U.S.C. § 207 is dismissed because that is a criminal statute that does not provide civil liability.  Plaintiff's claim against Mary Elizabeth Watson based on 24 C.F.R. 100.400 is dismissed with leave to amend because she has not alleged facts showing a violation of 24 C.F.R. § 100.400.  *See* Docket No. 2, p. 13 ¶4.

Plaintiff has not alleged any facts supporting her claim that the Defendants "promulgat[ed] eviction litigation based upon fraud, falsehoods, perjury, and intentional obfuscation of facts . . . ."  *See* Docket No. 2, p. 14 ¶5.  Therefore, this claim is dismissed with leave to amend.

**Memorandum Decision and Order - 5**

### III.  Motion for an Emergency Writ of Mandamus of Injunction

Plaintiff filed a Motion for an Emergency Writ of Mandamus of Injunction to Prohibit Retaliatory Actions by Respondents.  Docket No. 5.  She requests the Court issue an injunction which prohibits the Defendants from taking any negative or punitive action relating to her tenancy.  *See id.* and Docket No. 6, p. 4.

When a party seeks a preliminary injunction, the court must deny such relief "unless the facts and law clearly favor the moving party."  *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotation marks omitted). Under these circumstances, the facts and law do not clearly favor Plaintiff.  In her motion she alleges that the City of Boise is attempting to effect a retaliatory eviction.  Though it is possible Plaintiff is being evicted in retaliation for previous complaints she has made, there is also evidence indicating Plaintiff is behind on her rent.  *See* Docket No. 4.  Therefore the facts and the law do not clearly favor Plaintiff and this Court denies Plaintiff's motion for a preliminary injunction.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 1) is GRANTED.

**Memorandum Decision and Order - 6**

IT IS FURTHER HEREBY ORDERED that Plaintiff will be permitted to proceed with her claims of deprivation of civil rights under color of law and wrongful eviction.

IT IS FURTHER HEREBY ORDERED that Plaintiff's claims based on violations of 24 C.F.R. §§ 401.200, 401.311, 901.1, and 901.200; 24 C.F.R. § 100.400; Plaintiff's equal protection claim; and Plaintiff's claim that Defendants promulgated eviction litigation based upon fraud, falsehoods, perjury, and intentional obfuscation of facts are DISMISSED WITH LEAVE TO AMEND.

IT IS FURTHER HEREBY ORDERED that Plaintiff's claim based on a violation of  18 U.S.C. § 1001 and her claim against Mary Elizabeth Watson based on a violation of 18 U.S.C. § 207 are DISMISSED WITH PREJUDICE.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for an Emergency Writ of Mandamus of Injunction to Prohibit Retaliatory Actions by Respondents is DENIED.

DATED:  **February 23, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**