IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| WENDI LEE MICHALK, Mother of minor child CAM, <br><br> Plaintiff, <br> v. <br><br> BOISE CITY OF, a municipal corporation, MARY ELIZABETH WATSON, Deputy City Attorney, City of Boise, CARY B. COLLAIANNI, City Attorney, City of Boise, JIM A. BIRDSALL, Boise City Housing and Development Mgr., JEFF STREET, Boise City Housing Mgr., TAMI DODEL, Boise City Housing Property Mgr., DAVID H. BIETER, Mayor, City of Boise, DAVID EBERLE, Council President, City of Boise, ELAINE CLEGG, Councilperson, City of Boise, VERN BISTERFELDT, Councilperson, City of Boise, MARYANNE JORDAN, Councilperson Pro Tem, City of Boise, and JIM TIBBS, Councilperson, City of Boise, <br><br> Defendants. | Case No. CV-08-425-S-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Before the Court is a Motion (Docket No. 8) for Relief from Judgment, and

to Alter or Amend Judgment, in reference to the Court's Memorandum Decision

**Memorandum Decision & Order - page 1**

and Order (Docket No. 7).  The Motion has been briefed by Plaintiff and is at issue.  For the reasons expressed below, the Court will deny the Motion.

## BACKGROUND

Plaintiff Wendi Lee Michalk filed a Complaint (Docket No. 2) on October 6, 2008, amended October 31, 2008 (Docket No. 4), alleging harassment by the above named Defendants, among other allegations.  Michalk filed a Motion for Writ of Mandamus (Docket No. 5) to enjoin Defendants from taking action affecting Michalk's tenancy in housing sponsored by the Department of Housing and Urban Development ("HUD") in the City of Boise.  According to Michalk, Defendants attempted to evict her shortly after she filed a complaint against the City of Boise, in which she asserted housing and civil rights concerns.  The Court issued a Memorandum Decision and Order (Docket No. 7) denying Michalk's Motion and disposing of a number of Michalk's claims from her Complaint.  Michalk now asks the Court to Reconsider, Alter, or Amend that decision.

## ANALYSIS

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress.  The former principal has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any

**Memorandum Decision & Order - page 2**

time before final judgment.  *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979).  While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone.  Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."  *Messinger v. Anderson*, 225 U.S. 436, 444 (1912).  "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal."  *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

    The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).  "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice."  *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007).  If the motion to reconsider does not fall within one of

**Memorandum Decision & Order - page 3**

these three categories, it must be denied.

Michalk seeks reconsideration, alteration, or amendment in this case pursuant to Federal Rules of Civil Procedure 60(a), and 59(e).  Rule 60(a) allows relief from judgment for clerical mistakes, oversights, or omissions, and thus falls under the third basis for reconsideration – the need to correct a clear error.  Michalk asserts that the Court erred in stating that she no longer resides in HUD financed housing.  Whether Michalk continued to reside in HUD financed housing was not determinative of the Court's decision denying her Writ of Mandamus.  In denying the Writ, the Court relied on the absence of law and facts clearly favoring Michalk's requested relief, which is required for a party seeking a mandatory injunction.  *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).  This Court noted that attachments to Michalk's Amended Complaint show that she was behind in rent for the month of October 2008, which supports a basis, other than retaliation, for Defendants to serve notices of eviction on Michalk.

Michalk attempts to distinguish *Stanley,* arguing that the relief requested in that case was different than that sought in this case.  However, the legal standard for obtaining a mandatory injunction, articulated in *Stanley,* applies here.  Michalk has not demonstrated otherwise.

Michalk also argues that the Court erred in finding that she was required to

**Memorandum Decision & Order - page 4**

prove that Defendants acted in retaliation against her.  In support of her argument, Michalk cites Federal Rule of Civil Procedure 8(a), regarding what must be included in a claim for relief.  Michalk confuses the requirements for pleading claims for relief – addressed in Rule 8(a), with her burden of proving that she is entitled to an injunction – discussed in *Stanley*.  Absent a showing of clear error in need of correction, the Court denies reconsideration on that basis.

Rule 60(b)(2), (3), (4), and (6) allow relief from judgment for newly discovered evidence, fraud, where judgment is void, and other reasons justifying relief.  Michalk's argument under Rule 60(b) therefore falls under the second basis for reconsideration – the availability of new evidence.  In her motion, Michalk does not offer any new evidence to support her request for an injunction, nor her claims under 24 C.F.R. § 100.400 and the equal protection clause of the United States Constitution.  As noted in the Court's Order (Docket No. 7), Michalk has failed to present allegations that would support that Defendants are liable under those Acts.

A complaint must contain sufficient factual matters to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  A court must accept as true, a complaint's factual allegations, but not its legal conclusions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Michalk has

**Memorandum Decision & Order - page 5**

not shown that new evidence warrants reinstatement of claims dismissed for lack of sufficient factual allegations.

Rule 60(c) addresses the timing and effect of a motion.  The Court finds that Michalk's Motion is timely.  Rule 60(d) provides that a judgment may be set aside for absent defendants in a lien enforcement action under 28 U.S.C. § 1655, or for fraud on the court.  The Court finds this provision inapplicable here.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider, Alter, or Amend Judgment (Docket No. 8) shall be, and the same is hereby, DENIED.



DATED:  **December 4, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - page 6**