IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| WENDI LEE MICHALK, and minor child C.,<br><br>    Plaintiffs,<br>v.<br><br>BOISE CITY OF, a municipal corporation, MARY ELIZABETH WATSON, Deputy City Attorney, City of Boise, CARY B. COLAIANNI, City Attorney, City of Boise, JIM A. BIRDSALL, Boise City Housing and Development Mgr., JEFF STREET, Boise City Housing Mgr., TAMI DODEL, Boise City Housing Property Mgr., DAVID H. BIETER, Mayor, City of Boise, DAVID EBERLE, Council President, City of Boise, ELAINE CLEGG, Councilperson, City of Boise, VERN BISTERFELDT, Councilperson, City of Boise, MARYANNE JORDAN, Councilperson Pro Tem, City of Boise, ALAN SHEALY, Councilperson, City of Boise, and JIM TIBBS, Councilperson, City of Boise,<br><br>    Defendants. | Case No. CV-08-425-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Motion (Docket No. 11) for Restraining Order of

Protection. The Motion has been briefed by Plaintiff and is at issue. For the

**Memorandum Decision & Order - page 1**

reasons expressed below, the Court will deny the Motion.

## BACKGROUND

Plaintiff Wendi Lee Michalk filed a Complaint (Docket No. 2) on October 6, 2008, amended October 31, 2008 (Docket No. 4), and February 2, 2009 (Docket No. 6), alleging harassment and retaliation by the above named Defendants, among other charges. Michalk filed a Motion for Writ of Mandamus (Docket No. 5) to enjoin Defendants from taking action affecting Michalk's tenancy in housing sponsored by the Department of Housing and Urban Development ("HUD") in the City of Boise. The Motion was denied in the Court's Memorandum Decision and Order (Docket No. 7). Michalk asked for Reconsideration (Docket No. 9), but was denied (Docket No. 17). Pending reconsideration, Michalk requested a restraining order which the Court now addresses as follows.

## ANALYSIS

The Federal Rules of Civil Procedure provide that the court "may issue a temporary restraining order without . . . notice to the adverse party" only where the party seeking the order demonstrates, through clear and specific facts ". . . that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FRCP 65(b)(1)(A). In addition, the movant must show what efforts she made to give notice of the Motion, and the

reasons why notice should not be required. FRCP 65(b)(1)(B). The movant's writings to the court must be in the form of an affidavit or otherwise certified or verified as true. FRCP 65(b)(1).

Plaintiff in this case has not met her burden of showing either that she attempted to give notice to Defendants, or that notice should not be required under FRCP 65(b)(1)(B). Although Plaintiff has identified a number of concerns regarding her living situation, she must demonstrate *both* that harm is imminent, and that notice should not be required. Because Plaintiff has not met both elements of her Motion for Temporary Restraining Order, the Motion is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Restraining Order (Docket No. 11) shall be, and the same is hereby, DENIED.

DATED: **January 5, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge